Crosby S. Connolly, (SBN: 286650)
crosby@westcoastlitigation.com
Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**HYDE & SWIGART**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108-3551
Telephone:   (619) 233-7770
Facsimile:    (619) 297-1022

*Attorneys for Plaintiff,*
James W. Carlton

# United States District Court
# Central District of California

| | |
|---|---|
| **James W. Carlton,**<br><br>                    **Plaintiff,**<br>**v.**<br><br>**Asset Capital Recovery Group, LLC, A Limited Liability Company,**<br><br>                    **Defendant.** | **Case No: _____**<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |

## Introduction

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. James W. Carlton, ("Plaintiff"), through Plaintiff's attorneys, brings this action to challenge the actions of Asset Capital Recovery Group, LLC, A Limited Liability Company, ("Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

6. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

7. All violations alleged regarding the FDCPA are material violations of the FDCPA as these violations would limit the ability of a hypothetical least

sophisticated debtor to make an intelligent choice as to the alleged debt and actions that should be taken to resolve the alleged debt.

8. Through this complaint, Plaintiff does not allege that any state court judgment was entered against Plaintiff in error, and Plaintiff does not seek to reverse or modify any judgment of any state court.

## Jurisdiction and Venue

9. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

10. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

11. Plaintiff is a natural person who resides in the City of Miami Beach, State of Florida.

12. At the time of the substantial part of the events or omissions giving rise to the claim occurred, specifically, Defendant suing Plaintiff in San Diego County, *Asset Capital Recovery Group, LLC, A Limited Liability Company v. James W. Carlton*, Case No. 37-2013-00069820-CL-CL-NC, Defendant's entity address was physically located in the City of Newport Beach, County of Orange, State of California.

13. Because Defendant's current entity address is located in the City of Newport Beach, County of Orange, State of California, venue is proper pursuant to 28 U.S.C. § 1391b(1).

14. At all times relevant, Defendant conducted business within the State of California.

## Parties

15. Plaintiff is a natural person who resides in the City of Miami Beach, State of Florida.

16. Defendant is located in the City of Newport Beach, in the State of California.
17. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).
18. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).
19. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).
20. Defendant, in the ordinary course of business, regularly, on behalf of themselves, or others, engage in debt collection as that term is defined by California Civil Code § 1788.2(b), and is therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).
21. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

### Factual Allegations

22. Sometime before October 4, 2013, Plaintiff is alleged to have incurred certain financial obligations to Defendant.
23. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).
24. These financial obligations were not for real property.

25. Sometime thereafter, but before October 4, 2013, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff currently takes no position as to the validity of this alleged debt for the purpose of debt collection.

26. Subsequently, but before October 4, 2013, the alleged debt was assigned, placed, or otherwise transferred, to Defendant.

27. On October 4, 2013, Defendant initiated a lawsuit in the State of California, County of San Diego, *Asset Capital Recovery Group, LLC, A Limited Liability Company v. James W. Carlton*, Case No. 37-2013-00069820-CL-CL-NC, against Plaintiff in an attempt to collect the alleged debt.

28. On this date, October 4, 2013, Plaintiff did not reside in the judicial district or a similar legal entity in which the lawsuit was filed.

29. Plaintiff never signed the contract sued upon in the judicial district or a similar legal entity in which the lawsuit was filed.

30. Because Plaintiff did not reside in the judicial district or a similar legal entity in which the lawsuit was filed at the commencement of the action, and because the contract sued upon in this lawsuit was not signed in the judicial district or a similar legal entity, Defendant violated 15 U.S.C. § 1692i.

31. Because Defendant violated 15 U.S.C. § 1692i, Defendant also violated Cal. Civ. Code § 1788.17.

32. Subsequently, on or about February 13, 2014, Defendant filed a Proof of Service, indicating an alleged service of process upon Plaintiff, by way of service by publication through the Encinitas SUN, a local San Diego publication.

33. At the time of this alleged service of process, Plaintiff resided in Miami Beach, Florida, and as such, was never provided service of the alleged lawsuit through service by publication.

34. As a result, Defendant obtained a default judgment against Plaintiff in the matter *Asset Capital Recovery Group, LLC, A Limited Liability Company v. James W. Carlton*, Case No. 37-2013-00069820-CL-CL-NC, in a jurisdiction in which Plaintiff did not reside in, instead of being afforded the right to litigate *Asset Capital Recovery Group, LLC, A Limited Liability Company v. James W. Carlton*, Case No. 37-2013-00069820-CL-CL-NC in the jurisdiction in which Plaintiff allegedly entered into the contract with Defendant, or the jurisdiction in which Plaintiff currently resides in at the time of the filing of *Asset Capital Recovery Group, LLC, A Limited Liability Company v. James W. Carlton*, Case No. 37-2013-00069820-CL-CL-NC, as the Fair Debt Collection Practices Act and the Rosenthal Fair Debt Collection Practices Act provides for.

35. As a result, Plaintiff was not provided the proper notice guaranteed him pursuant to due process.

36. As a result, Plaintiff has been injured by Defendant filing the matter *Asset Capital Recovery Group, LLC, A Limited Liability Company v. James W. Carlton*, Case No. 37-2013-00069820-CL-CL-NC in the improper venue, San Diego County.

37. Through this conduct, Defendants collected or attempted to collect a consumer debt, other than one reduced to judgment, by means of judicial proceedings in a county other than the county in which the debtor had incurred the consumer debt or the county in which the debtor resided at the time such proceedings were instituted, or resided at the time the debt was incurred.  Consequently, Defendants violated Cal. Civ. Code § 1788.15(b).

38. Furthermore, at the time Defendant filed the matter *Asset Capital Recovery Group, LLC, A Limited Liability Company v. James W. Carlton*, Case No. 37-2013-00069820-CL-CL-NC, the underlying debt alleged to be owed by Plaintiff statutorily barred, as it was outside of the statute of limitations.

# Causes of Action

## Count I

### Fair Debt Collection Practices Act (FDCPA)

### 15 U.S.C. §§ 1692 et seq.

39. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

40. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

41. As a result of each and every violation of the FDCPA by Defendant, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## COUNT II

### Rosenthal Fair Debt Collection Practices Act (Rosenthal Act)

### Cal. Civ. Code §§ 1788-1788.32

42. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

43. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32

44. As a result of each and every violation of the Rosenthal Act, by Defendant, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and

reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each and every defendant, jointly and severally.

### Prayer For Relief

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

45. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**HYDE & SWIGART**

Date: February 13, 2017

By: s/Crosby S. Connolly
Crosby S. Connolly
Attorneys for Plaintiff